
FILED
DEC 04 2007
CLERK

# United States District Court

------------------------------ DISTRICT OF SOUTH DAKOTA ------------------------------

## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

NICHOLAS DEAN GANSKE,

        Defendant.

**RECOMMENDED FINDINGS ON REVOCATION OF SUPERVISED RELEASE**

CASE NUMBER: CR. 02-40090-01

This matter came before the court for hearing upon the Petition to Revoke Supervised Release (Doc. 66) on Tuesday, December 4, 2007. The defendant appeared in person and by his counsel, Assistant Federal Public Defender Bill Delaney, while the United States of America appeared by Assistant United States Attorney, Mark Salter. Based upon the evidence adduced at the hearing, I hereby make the following recommended findings of fact and conclusions of law.

## Findings of Fact

Defendant is on supervised release pursuant to General, Standard and Special Conditions of Supervised Release as contained in the Amended Judgment in a Criminal Case filed on June 9, 2004. (Doc. 58).

**Allegations Numbered 3, 4, 7, 9 and 10:**

Allegations numbered 3, 4, 7, 9 and 10 were dismissed on motion of the government based on defendant's admissions to allegations numbered 1, 2, 5, 6, and 8 and in the interest of justice.

**Allegation Numbered 1:**

Standard Condition No. 7 of the defendant's Conditions of Supervised Release required that "the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use,

distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."

Defendant admitted allegation numbered 1.

On or about July 7, 2005, at Sioux Falls, South Dakota, the defendant possessed and used methamphetamine, a controlled substance, in violation of Standard Condition No. 7 of the Conditions of Supervised Release.

**Allegation Numbered 2:**

Standard Condition No. 7 of the defendant's Conditions of Supervised Release required that "the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."

Defendant admitted allegation numbered 2.

On or about July 9, 2005, at Sioux Falls, South Dakota, the defendant possessed and used marijuana, a controlled substance, in violation of Standard Condition No. 7 of the Conditions of Supervised Release.

**Allegation Numbered 5:**

Standard Condition No. 6 of the defendant's Conditions of Supervised Release required that "the defendant shall notify the probation officer at least ten days prior to any change in residence or employment."

Defendant admitted allegation numbered 5.

On or about November 8, 2006, at Sioux Falls, South Dakota, the defendant failed to notify the probation office of a change in residence in violation of Standard Condition No. 6 of the Conditions of Supervised Release.

**Allegation Numbered 6, as amended:**

Special Condition No. 4 of the defendant's Conditions of Supervised Release required that "the defendant shall participate in a program approved by and at the direction of the probation office

for treatment of substance abuse, which will include testing to determine if defendant has reverted to the use of alcohol or drugs."

Defendant admitted amended allegation numbered 6.

On or about November 13, 2006, at Sioux Falls, South Dakota, the defendant failed to participate in outpatient substance abuse treatment with Choices as directed in violation of Special Condition No. 4 of the Conditions of Supervised Release.

**Allegation Numbered 8:**

Standard Condition No. 6 of the defendant's Conditions of Supervised Release required that "the defendant shall notify the probation officer at least ten days prior to any change in residence or employment."

Defendant admitted allegation numbered 8.

On or about September 14, 2007, at Sioux Falls, South Dakota, the defendant failed to notify the probation office of a change in employment in violation of Standard Condition No. 6 of the Conditions of Supervised Release.

### Conclusions of Law

1. Failure to abide by the terms and conditions of supervised release provides a reasonable basis upon which to revoke supervised release.

2. Based upon the factual basis provided by the United States, the United States has proven by a preponderance of the evidence that the defendant has not met the conditions of his supervised release. See *United States v. Cotroneo*, 89 F.3d 510, 512 n.4 (8th Cir.), *cert. denied* 117 S.Ct. 533 (1996) and 18 U.S.C. § 3583(e)(3).

3. After conversing with the defendant personally in open court, it is the finding of the court that the defendant is fully competent and capable of entering an informed admission, that the defendant is aware of the nature of the charges and the consequences of the admission, and that the admission is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. It is, therefore, my report and recommendation that defendant's supervised release be revoked.

4.      The United States Probation Office is hereby directed to prepare and submit to the United States District Court a supplemental pre-sentence investigation report.

<u>Notice to Parties</u>

Any objections to these findings and conclusions must be served and filed within ten days of the date of service of this notice upon you.  28 U.S.C. §636(b)(1).  If no objections are filed, the district court may adopt, reject, or modify these findings and conclusions.  Moreover, the court may impose an appropriate sentence based upon these findings and conclusions following a hearing.

Dated this ___4th___ day of December, 2007.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH  HAAS, Clerk

By_____, Deputy
      (SEAL)

- 4 -